ROBERT RUBIN, SBN 85084
ELISA DELLA-PIANA, SBN 226462
LAWYERS COMMITTEE FOR CIVIL RIGHTS
OF THE SAN FRANCISCO BAY AREA
131 Steuart Street, Ste. #400
San Francisco, CA 94105
Phone (415) 543-9444
Fax (415) 543-0296
rrubin@lccr.com

SIDNEY WOLINSKY, SBN 33716
JULIA PINOVER, SBN 255088
DISABILITY RIGHTS ADVOCATES
2001 Center St., Fourth Floor
Berkeley, CA 94704
Phone (510) 665-8644
Fax (510) 665-8511
general@dralegal.org

FILED
MAR 3 1 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

CV 08 1715

| | |
|---|---|
| Nora Jean Dunaway, and Coalition on Homelessness, <br><br> Plaintiffs, <br><br> v. <br><br> City and County of San Francisco, <br><br> Defendants. | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** <br><br> **CIVIL RIGHTS ACTION: VIOLATION OF AMERICANS WITH DISABILITIES ACT** |

Plaintiffs NORA JEAN DUNAWAY and COALITION ON HOMELESSNESS complain of Defendants herein and allege as follows:

## INTRODUCTION

1. Plaintiff Nora Jean Dunaway is a homeless woman who has physical and mental disabilities. She brings this action because, due to her disabilities, she has been systematically denied any meaningful access to the services and facilities provided to other members of the homeless population.

2. Defendant City and County of San Francisco owns, operates, maintains, and controls the homeless shelters on which the homeless population of San Francisco depends. Although over 6,000 individuals are homeless in San Francisco, the San Francisco Homeless Shelter System ("Shelter System" or "Shelter Program") provides only about 1,180 beds – many of which are off-limits to the plaintiff, and people similarly situated, because they are reserved exclusively for participants in specific programs. The chronic shortage of beds and services creates intense competition within the Shelter System. The battle is hardest on individuals like Nora Jean Dunaway because her disabilities render it all but impossible for her to navigate the Shelter System. Much of the Shelter System is unavailable to Ms. Dunaway because neither the physical shelter facilities nor the services provided in shelters are designed to meet the needs of individuals with disabilities and the shelter programs and facilities fail to make reasonable accommodations to provide Ms. Dunaway with meaningful access to the Shelter System. Worse, even when Ms. Dunaway is successful at reserving space at a suitable shelter, she is often unable to access the facilities because there is no free, accessible transportation to get her there.

3. Plaintiffs bring this lawsuit to redress the systematic failure of Defendants to provide them meaningful access to the Shelter System. Individuals with disabilities – the most vulnerable segment of the homeless population – are entitled to receive *at least* as many of the essential services that non-disabled homeless people receive. Plaintiffs ask the Court to declare

1  that the Shelter Program must comply with the fundamental guarantees of the Americans with
2  Disabilities Act, and to issue an injunction requiring Defendants to provide the reasonable
3  accommodations they need to have meaningful access to the Shelter System.

**JURISDICTION**

4.  This is an action for declaratory and injunctive relief brought pursuant to the Americans with Disabilities Act., 42 U.S.C. § 12101 *et seq*. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343 because the claims asserted arise out of federal law.

5.  The Court has jurisdiction to issue injunctive and declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

**VENUE**

6.  Venue is proper in the Northern District of California pursuant to 28 U.S.C. § 1391(b). Defendants City and County of San Francisco are located in this judicial district and own and maintain non-compliant facilities within this judicial district, and the acts and omissions giving rise to Plaintiffs' claims occurred and are occurring within this judicial district.

**PARTIES**

7.  Plaintiff Nora Jean Dunaway is an individual with a mental and physical disability who has been homeless in San Francisco for about eighteen to nineteen months due to her poor health.

8.  Ms. Dunaway's physical disabilities include knee problems, spina bifida, scoliosis, and pinched nerves in her back. As a result, she uses a wheelchair to get around on a daily basis.

9.  Ms. Dunaway also has stress-induced seizures and sometimes experiences loss of memory for hours or days.

10. Ms. Dunaway must stay close to her husband, who helps her to the bathroom and assists with other aspects of her disabilities.

11. As a result of her mental and physical disabilities, Ms. Dunaway requires shelter with a low admission threshold that does not make it difficult for people with disabilities to access. Her physical and mental disabilities prevent her from standing in long lines, or accessing the complicated reservation system, and prevent her from staying in gender-segregated facilities that keep her away from her husband.

12. Defendant City and County of San Francisco owns, operates, maintains, and/or controls the shelter facilities in San Francisco which fail to provide adequate accommodations to Plaintiffs and other people with physical and mental disabilities.

## FACTUAL ALLEGATIONS

13. There are at least 6,000 homeless individuals living in and around San Francisco. Defendants do not have enough shelter beds to house the existing homeless population. Because of their mental and physical impairments, homeless people with disabilities are at a disadvantage when it comes to accessing the Shelter System, and they are systematically less likely than their non-disabled peers to be eligible for, or have access to, the existing beds in the Shelter System.

14. In San Francisco, homeless people with disabilities are routinely denied emergency shelter, temporary housing, and shelter with either short or long term supportive services. A disabled homeless individual is less likely than a non-disabled homeless person to secure a bed in any of these systems.

15. The San Francisco shelter reservation system and bed distribution system is complex, counterintuitive, and constantly changing. The very nature of the system presents impossible hurdles for Plaintiff Nora Jean Dunaway and other homeless people who are disabled with mental illness, cognitive disorders and/or mobility impairments.

16. In operating and maintaining the San Francisco Shelter System, Defendants have failed to adopt policies or procedures to accommodate Plaintiffs and other individuals who lack the physical stamina to travel from one facility to another and wait on hours-long lines, and/or the cognitive ability to navigate the system's Byzantine rules.

17. Obtaining a reservation for a shelter bed is both difficult and complex. In order to make a reservation, Plaintiffs are required to go to one of six designated Resource Centers – which are geographically separate from the shelters themselves – that facilitate the CHANGES reservation system. These Resource Centers are continually moving and have inconsistent hours. Some Resource Centers are open only a few hours a day, and not one is open 24 hours a day.

18. Currently, San Francisco's Shelter System is functionally a system-wide lottery. In order to get a reservation, homeless individuals must line up and wait for many hours before a Resource Center opens. Because reservations are made on a first-come, first-served basis, beds are reserved and used only by the "fittest" people who have the stamina and temperament to wait in the reservation line the longest. Even if a person makes it through this process, there is no guarantee that a shelter bed will be available for him or her. Because Defendants offer no alternative procedures for people with disabilities to access the Shelter System, it is often physically and mentally impossible for them to obtain shelter beds and services.

19. Because the hours, locations, and availability of beds are in constant flux, Plaintiffs must constantly re-learn the rules of the game to obtain shelter. The lack of consistent rules and procedures creates anxiety and renders Plaintiffs unable to access the beds and services provided. The process of obtaining and using a bed is disproportionately complicated for a homeless person with mental disabilities.

20. If a homeless person succeeds in making a reservation at a Resource Center, he or she must travel to a shelter at a separate location. The Shelter System is systematically inaccessible to homeless persons with disabilities because Defendants have failed to establish

*Dunaway v. City and County of San Francisco*
Complaint for Declaratory and Injunctive Relief

4

1  policies and procedures to ensure that accessible transportation is available to take them from a
2  reservation center to a shelter.

3  21.   Because of the obstacles to making reservations, disabled individuals are much
4  more likely than non-disabled individuals to depend on emergency drop-in shelters. Emergency
5  shelters utilize a "low threshold" model, in which individuals can simply walk in and rest or
6  receive services without waiting on line, being fingerprinted, or be made to part with their
7  possessions. At present, there is only one such 24-hour drop-in center located in central San
8  Francisco, known as "Buster's Place." In early February 2008, Defendants cut funding for
9  Buster's Place and announced that the shelter will be closed after March 31, 2008. If this plan
10 takes effect, Plaintiffs will lose their refuge of last resort and are almost certain to end up living
11 on the street.

12 22.   Under the current Shelter System, mentally and physically disabled homeless
13 persons must often part with their possessions to secure a shelter bed. This threat of being
14 separated from key personal items can be a major access barrier. Homeless people with mental
15 and physical disabilities have been denied meaningful access to the Shelter System by
16 Defendants' failure to accommodate their acute and augmented need for vital personal
17 possessions.

18 23.   Due to the severe shortage of shelter beds in the city and systematic access
19 barriers for homeless people with disabilities, Plaintiffs must seek shelter outside of the formal
20 Shelter System and suffer harsh consequences when they cannot find it.

21 24.   San Francisco's Shelter System, difficult to navigate for the healthiest homeless
22 person, consistently fails the most vulnerable members of the city's homeless: those with mental
23 illness and/or physical disabilities. Because of Defendants' systematic failure to provide
24 meaningful access, homeless people with disabilities are forced onto the street and subject to
25 citations that result in steep fines and incarceration; or expensive emergency room visits.

*Dunaway v. City and County of San Francisco*
Complaint for Declaratory and Injunctive Relief

5

# FIRST CAUSE OF ACTION
### (Violation of Americans with Disabilities Act)

25. Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 24, above.

26. Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12132, provides that:

> [N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

27. The term "disability" includes persons with mental impairments that substantially limit one or more major life activities. 42 U.S.C. § 12102. The plaintiffs are qualified individuals with disabilities within the meaning of 42 U.S.C. § 12102, 42 U.S.C. § 12131, and 28 C.F.R. § 35.104.

28. A "public entity" includes state and local governments, their agencies, and their instrumentalities. 42 U.S.C. § 12131(1). The City and County of San Francisco are public entities within the meaning of 42 U.S.C. § 12132 and 28 C.F.R. § 35.104.

29. The ADA obligates public entities to operate each service, program, or activity so that the service, program, or activity, when viewed in its entirety, is readily accessible to and usable by individuals with disabilities. 28 C.F.R. § 35.150.

30. In order to comply with the ADA, Defendants must operate the Shelter System so as to provide disabled persons with "meaningful access" to all benefits, programs, services, and activities provided to non-disabled persons. Thus, Defendants must affirmatively consider and accommodate the needs of disabled persons who are qualified recipients of such services.

31. The Homeless Shelter System of San Francisco operates under policies, practices, and procedures which systematically fail to reasonably accommodate the needs of individuals with disabilities, so that these programs are not readily accessible to and usable by individuals with disabilities in violation of 28 C.F.R. § 35.150.

32. Defendants' failure to modify policies or procedures and provide reasonable accommodations for homeless people with disabilities denies Plaintiffs meaningful access to the San Francisco Shelter System in violation of Title II of the American's with Disabilities Act.

33. The City and County of San Francisco has created eligibility requirements in its design and administration of the Homeless Shelter programs that tend to screen out individuals with disabilities in violation of 28 C.F.R. § 35.130(b)(8).

34. The City and County of San Francisco uses criteria or methods of administration that have the purpose or effect of defeating or substantially impairing the accomplishment of the objectives of the Defendants' programs for the benefit of persons with disabilities in violation of 28 C.F.R. § 35.130(b)(3)(ii).

35. In providing the aid, benefits, and services associated with the San Francisco Shelter programs, Defendants must provide the Plaintiffs an equal opportunity to participate in and benefit from the aid, benefits, and services of said program. 28 C.F.R. § 130(b)(1)(ii). Further, Defendants must provide Plaintiffs with aids, benefits, and services that are at least as effective at affording them the opportunity to obtain the same result, gain the same benefit, or reach the same level of achievement as the aids, benefits and services that are available to persons without disabilities. 28 C.F.R. § 130(b)(1)(iii).

36. Title II of the ADA requires the City and County of San Francisco to make reasonable modifications in its Homeless Shelter program to avoid discrimination against Plaintiffs on the basis of disability. 28 C.F.R. § 35.130(b)(7).

37. Defendants' conduct constitutes an ongoing and continuous violation of the ADA. Unless restrained, the City and County of San Francisco will continue to violate the ADA. Unless enjoined, said conduct will continue to inflict injuries for which Plaintiffs have no adequate remedy at law.

**SECOND CAUSE OF ACTION**
**(Declaratory Relief)**

38. Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 37, above.

---

*Dunaway v. City and County of San Francisco*
Complaint for Declaratory and Injunctive Relief

7

39. Plaintiffs contend that the San Francisco Shelter System, which Defendants own, operate, and/or control, fails to comply with applicable laws including the Americans with Disabilities Act, which requires public entities to provide meaningful access to programs, activities, and facilities for persons with physical and mental disabilities, and to accommodate disabled individuals by providing beds and services that are accessible to them. Plaintiffs are informed and believe, and on that basis allege, that Defendants deny that their policies, practices and facilities violate the ADA.

40. A judicial declaration is necessary and appropriate at this time in order that each of the parties may know their respective rights and duties and act accordingly.

### THIRD CAUSE OF ACTION
(Need for Equitable Relief)

41. Plaintiffs re-allege and incorporate herein the allegations of paragraphs 1 through 40, above.

42. The scheduled closure of Buster's Place threatens Plaintiffs with immediate and irreparable harm. Closing Buster's Place will exacerbate the already ongoing discrimination against Plaintiffs and if this center closes, people with disabilities will be disproportionately placed in grave physical and mental peril. Plaintiffs seek emergency injunctive relief in order to prevent this immediate and irreparable harm to Plaintiffs.

WHEREFORE, Plaintiffs request relief as set forth below.

\\
\\
\\
\\
\\
\\
\\

# RELIEF REQUESTED

Plaintiffs pray for judgment as follows:

1. A preliminary and permanent injunction enjoining Defendants from violating Title II of the Americans with Disabilities Act;

2. A temporary, preliminary and permanent injunction enjoining Defendants from eliminating 24-hour drop-in shelter services at Buster's Place;

3. A declaration that the San Francisco Homeless Shelter Program is being operated in a manner that discriminates against persons with physical disabilities and that fails to provide access for persons with disabilities as required by law;

4. Plaintiffs' reasonable attorneys' fees and costs;

5. Such other and further relief as the Court deems just and proper.

Dated: March 31, 2008

DISABILITY RIGHTS ADVOCATES

By: /s/ Sidney Wolinsky
Sidney Wolinsky, SBN 33716
Julia Pinover, SBN 255088
2001 Center St., Fourth Floor
Berkeley, CA 94704
Phone (510) 665-8644
Fax (510) 665-8511

and

/s/ Robert Rubin
LAWYERS COMMITTEE FOR CIVIL
RIGHTS OF THE SAN FRANCISCO BAY
AREA
Robert Rubin, SBN 85084
Elisa Della-Piana, SBN 226462
131 Steuart Street, Ste. #400
San Francisco, CA 94105
Phone (415) 543-9444
Fax (415) 543-0296

*Dunaway v. City and County of San Francisco*
Complaint for Declaratory and Injunctive Relief

9

JS 44 (Rev. 12/07) (cand rev 1-16-08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO OF THE FORM.)

## I. (a) PLAINTIFFS
Nora Jean Dunaway and Coalition on Homelessness

## DEFENDANTS
City and County of San Francisco

**(b)** County of Residence of First Listed Plaintiff  San Francisco, CA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

DISABILITY RIGHTS ADVOCATES
2001 Center St, 3rd Floor Berkeley, CA 94704 (510) 665-8644
LAWYERS' COMMITTEE FOR CIVIL RIGHTS (415) 543-9444
131 Steuart St, Suite #400 San Francisco, CA 94105

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question (U.S. Government Not a Party)
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated or Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | 610 Agriculture | 422 Appeal 28 USC 158 | 400 State Reapportionment |
| 120 Marine | 310 Airplane | 362 Personal Injury— Med. Malpractice | 620 Other Food & Drug | 423 Withdrawal 28 USC 157 | 410 Antitrust |
| 130 Miller Act | 315 Airplane Product Liability | 365 Personal Injury — Product Liability | 625 Drug Related Seizure of Property 21 USC 881 | | 430 Banks and Banking |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | 368 Asbestos Personal Injury Product Liability | 630 Liquor Laws | PROPERTY RIGHTS | 450 Commerce |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability | | 640 R.R. & Truck | 820 Copyrights | 460 Deportation |
| 151 Medicare Act | 340 Marine | PERSONAL PROPERTY | 650 Airline Regs. | 830 Patent | 470 Racketeer Influenced and Corrupt Organizations |
| 152 Recovery of Defaulted Student Loans (Excl. Veterans) | 345 Marine Product Liability | 370 Other Fraud | 660 Occupational Safety/Health | 840 Trademark | 480 Consumer Credit |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle | 371 Truth in Lending | 690 Other | | 490 Cable/Sat TV |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability | 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | 810 Selective Service |
| 190 Other Contract | 360 Other Personal Injury | 385 Property Damage Product Liability | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | 862 Black Lung (923) | 875 Customer Challenge 12 USC 3410 |
| 196 Franchise | | | 730 Labor/Mgmt.Reporting & Disclosure Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | 740 Railway Labor Act | 864 SSID Title XVI | 891 Agricultural Acts |
| 210 Land Condemnation | 441 Voting | 510 Motions to Vacate Sentence | 790 Other Labor Litigation | 865 RSI (405(g)) | 892 Economic Stabilization Act |
| 220 Foreclosure | 442 Employment | Habeas Corpus: | 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 443 Housing/ Accommodations | 530 General | | 870 Taxes (U.S. Plaintiff or Defendant) | 894 Energy Allocation Act |
| 240 Torts to Land | 444 Welfare | 535 Death Penalty | | 871 IRS—Third Party 26 USC 7609 | 895 Freedom of Information Act |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment | 540 Mandamus & Other | IMMIGRATION | | 900 Appeal of Fee Determination Under Equal Access to Justice |
| 290 All Other Real Property | [X] 446 Amer. w/Disabilities -- Other | 550 Civil Rights | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 440 Other Civil Rights | 555 Prison Condition | 463 Habeas Corpus – Alien Detainee | | |
| | | | 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Title II of the Americans with Disabilities Act
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   DEMAND $   CHECK YES only if demanded in complaint:
JURY DEMAND: [ ] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)   [X] SAN FRANCISCO/OAKLAND   [ ] SAN JOSE

DATE  March 31, 2008    SIGNATURE OF ATTORNEY OF RECORD

```
Court Name: U.S. District Court, NDCA
Division: 3
Receipt Number: 34611017552
Cashier ID: bucklem
Transaction Date: 03/31/2008
Payer Name: disability rights advocates
------------------------------------
CIVIL FILING FEE
 For: nora j dunaway
 Case/Party: D-CAN-3-08-CV-001715-001
 Amount:         $350.00
------------------------------------
CHECK
 Check/Money Order Num: 14656
 Amt Tendered:  $350.00
------------------------------------
Total Due:      $350.00
Total Tendered: $350.00
Change Amt:     $0.00

emc


Checks and drafts are accepted
subject to collections and full
credit will only be given when the
check or draft has been accepted by
the financial institution on which
it was drawn.
```